# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
ANTONIO CARABILLO, * No. 21-275V
 *
 Petitioner, *
 * Special Master Christian J. Moran
v. *
 * Filed: February 10, 2025
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
 *
 Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * *

<u>John F. McHugh</u>, John F. McHugh, PC, New York, NY, for petitioner;
<u>Elizabeth Andary</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

  Petitioner, Antonio Carabillo, sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34. Mr. Carabillo, however, has not presented sufficient evidence to be entitled to compensation. Because Mr. Carabillo has not met his burden of proof, his case is DISMISSED.

---

  [1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

**Procedural History**[2]

Represented by Attorney John McHugh, petitioner alleged that the tetanus, diphtheria, and pertussis ("Tdap"), hepatitis B, and pneumococcal vaccines he received on January 15, 2018 caused him to suffer from facial swelling and rashes in his lower extremities, and/or significantly aggravated the condition. Pet., filed Jan. 7, 2021. Over the next three years, petitioner attempted, generally unsuccessfully, to obtain evidence about his health in 2018. When those efforts reached an end, respondent was directed to assess the evidence.

Respondent argued that petitioner had not put forth a medical theory to support his claim that the Tdap, hepatitis B, and pneumococcal vaccines can cause facial swelling and rashes in the lower extremities, nor significantly aggravate the condition. Resp't's Rep., filed Apr. 26, 2024, at 11-13. Respondent also argued that petitioner had not established a medically recognizable diagnosis. Id. at 7-8.

A status conference was held next on May 1, 2024. Petitioner's counsel reported that he had served a subpoena to obtain petitioner's employment records and that petitioner's counsel stated he had a difficult time communicating with petitioner. On June 9, 2024, petitioner filed a status report stating that petitioner was unable to obtain the expert help needed to establish a claim for compensation. Petitioner's counsel stated that because of the situation that he would be moving to be relieved as petitioner's counsel within the coming weeks.

On September 5, 2024, the undersigned issued an order for petitioner's counsel to file a motion to withdraw from representation, or a status report stating how he intends to proceed. Petitioner was warned that a failure to act may result in an order to show cause.

Mr. McHugh sought to be relieved as counsel of record. As part of this motion, Mr. McHugh stated that he intended not to seek an award of attorneys' fees and costs. Mot., filed Sep. 17, 2024. However, Mr. McHugh did not present any evidence that he had notified Mr. Carabillo about the motion. Thus, Mr. McHugh was directed to submit this information. Order, issued Sep. 23, 2024. Mr. McHugh could not document proof of mailing. Therefore, Mr. McHugh represented that he re-sent the motion. Status Rep., filed Oct. 20, 2024. Mr. McHugh requested that adjudication be deferred until November, when he would present proof of service.

Mr. McHugh did not present proof of service. He was reminded to submit this proof of service by December 13, 2024. Order, issued Nov. 27, 2024; see also RMA Engineering S.A.R.L. v. United States, No. 14-1202, 2017 WL 393322 (Fed. Cl. Jan. 30, 2017) (requiring attorney attempting to withdraw to provide proof of service of a motion to withdraw). He did not.

---

[2] For a more thorough background of the case, see Order to Show Cause, issued Dec. 19, 2024.

An Order to Show Cause issued on December 19, 2024. The order reiterated the weaknesses in petitioner's case:

> Here, Mr. Carabillo appears not to have any interest in maintaining his Vaccine Program claim as Mr. McHugh has stated during multiple status conferences that he (Mr. McHugh) has had trouble reaching his client. In effect, Mr. McHugh's withdrawal would shift responsibility for communicating with Mr. Carabillo from the attorney who filed the case to staff of the Court of Federal Claims. This seems unfair to other litigants, who cases will be delayed as resources are devoted to Mr. Carabillo.
>
> On some occasions---maybe most occasions---allowing an attorney to withdraw from representation and, thereby, forcing the former client into representing himself may be an appropriate course. But, substituting Mr. Carabillo as a pro se is highly unlikely to change the outcome of the case. After years of assistance from Mr. McHugh, Mr. Carabillo has not presented any evidence that remotely suggests that Mr. Carabillo has a credible claim for compensation. One essential problem is that Mr. Carabillo has not presented any persuasive evidence <u>created in 2018</u> about a significant enough problem to meet the Vaccine Act's severity requirement. A new attorney cannot create evidence from 2018. <u>See</u> Exhibit 11 (Dr. Brawer's report).
>
> Mr. McHugh has already stated that he does not intend to seek an award of attorneys' fees and costs. This statement suggests that the reasonable basis for the claim may be questionable. Mr. McHugh has also stated that he attempted to refer the case to at least one other attorney, who declined to advocate for Mr. Carabillo. In short, there appears to be little reason for prolonging this (likely) non-meritorious case.

Petitioner was directed to show cause as to why his case should not be dismissed for failure to present minimally competent evidence to advance his case by February 3, 2025.

On January 16, 2025, petitioner's counsel filed a status report with a declaration of service stating that on December 18, 2024, he served the Order to Show Cause on Mr. Carabillo accompanied by a letter explaining the motion. To date, petitioner has not responded to the December 19, 2024 Order to Show Cause, nor has he filed for an extension of time.

## **Discussion**

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa-11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Thus, petitioner is necessarily pursuing a causation-in-fact claim. As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause

3

and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 300aa–13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. The medical opinions proffered in this case did not carry petitioner's burden.

Additional assistance from another experienced attorney is unlikely to change the result. Proceeding pro se is not likely to benefit petitioner and would cause scarce resources to be allocated towards a claim not likely to succeed. Additionally, petitioner did not respond to the December 19, 2024 Order to Show Cause. When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case. Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

In sum, petitioner's responses to orders thus far have been substantively ineffective and he has not met his burden of proof. Petitioner was previously ordered to show cause and did not respond. Consequently, petitioner's case is dismissed for failure to present evidence, not as a sanction. See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master